ELECTRONIC CITATION: 2009 FED App. 0010P (6th Cir.)
File Name: 09b0010p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: JAMES HARVEY PELFREY,<br><br>               Debtor. | )<br>)<br>)<br>) |
| J. JAMES ROGAN, TRUSTEE,<br><br>               Appellant,<br>v.<br><br>NEW SOUTH FEDERAL SAVINGS BANK<br>  and L. ALLYSON HONAKER,<br><br>               Appellees. | )<br>)<br>)<br>)<br>)   No. 09-8019<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 08-52056; Adversary Case No. 08-5019

Argued: August 18, 2009

Decided and Filed: November 9, 2009

Before: BOSWELL, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

### COUNSEL

**ARGUED:** J. James Rogan, P.S.C., Danville, Kentucky, for Appellant. Erica N. Galyon, STITES & HARBISON, PLLC, Lexington, Kentucky, William Alexander Hoback II, MIDDLETON & REUTLINGER, Louisville, Kentucky, for Appellees. Richard A. Vance, STITES & HARBISON, PLLC, Louisville, Kentucky, for Amicus Curiae. **ON BRIEF:** J. James Rogan, P.S.C., Danville, Kentucky, for Appellant. Erica N. Galyon, Elizabeth Lee Thompson, STITES & HARBISON, PLLC, Lexington, Kentucky, Mark S. Fenzel, Thomas W. Frentz, MIDDLETON REUTLINGER, Louisville, Kentucky, for Appellees. Richard A. Vance, STITES & HARBISON, PLLC, Louisville, Kentucky, for Amicus Curiae.

## OPINION

STEVEN RHODES, Bankruptcy Appellate Panel Judge. In this appeal, J. James Rogan, the trustee, appeals an order of the bankruptcy court that granted the motions for summary judgment filed by defendants New South Federal Savings Bank and L. Allyson Honaker, denied his motion for summary judgment and dismissed his adversary proceeding. The trustee seeks to avoid a mortgage on the property of James Harvey Pelfrey, the debtor, and Donna Pelfrey. For the following reasons, we AFFIRM.

### I. ISSUE ON APPEAL

The issue on appeal is whether the trustee may avoid the debtor's mortgage based on a defective acknowledgment when the notary's bond failed to comply with Kentucky Revised Statute § 423.101 because it did not contain a notarized statement of the surety and was not signed by the clerk's office evidencing that the notary was administered the appropriate oath of office.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's order granting the motions for summary judgment of New South and Honaker is a final order. *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798 (B.A.P. 6th Cir. 2007).

The bankruptcy court's final order granting summary judgment is reviewed de novo. *Belfance v. Buonpane (In re Omega Door Co., Inc.)*, 399 B.R. 295 (B.A.P. 6th Cir. 2009). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *In re Morgeson*, 371 B.R. at 800.

### III.  FACTS

On May 4, 2007, James Pelfrey and his wife, Donna Pelfrey, executed a promissory note in the principal amount of $152,640.00 and granted a mortgage on real estate located in Lee County, Kentucky to secure payment on the note. The mortgage was eventually assigned to New South Federal Savings Bank. Pelfrey and his wife's signatures on the mortgage were witnessed and acknowledged by L. Allyson Honaker. The mortgage was recorded in the Lee County Clerk's Office on May 16, 2007.

Honaker had applied to the Kentucky Secretary of State for appointment to the Office of Notary Public on February 7, 2007. According to Honaker, she then went to the Madison County Clerk's office, took the oath of office administered by the clerk, and submitted a bond with her surety, Michael Eubanks, present. Honaker is an employee in a law office where Eubanks is an attorney. While Honaker allegedly took the necessary oath, the notary bond filed in the Madison County Clerk's Office in Notary Bond Book 35, Page 467, does not contain the signature of the Madison County Clerk to document that the oath required by Kentucky Revised Statute § 423.010 was administered to Honaker. In fact, all of the 480 pages of notary bonds in Notary Bond Book 35 lack the signature of the county clerk evidencing that the oath was administered. (Appellant's App. at 97, Affidavit of Stuart K. Olds). The bond further does not contain a notarized statement from Eubanks as the surety. The Madison County Clerk's notary bond form contains a statement to be signed by a surety pledging security for the proper discharge of the notary's duties. The form does not provide a certificate for a notary or court clerk to acknowledge the signing of the surety, but rather contains a statement to be signed by a notary public also pledging security for the proper discharge of the notary's duties. The form, as completed in this case, states:

3

> We, (signature of) L. Allyson Honaker of _____, Notary Public Madison County and/or State-at-Large, and (signature of) Eubanks, surety, do hereby covenant and agree with the Commonwealth of Kentucky in the penal sum of $1,000.00 that the said L. Allyson Honaker as Notary Public aforesaid shall well and property discharge all duties of said office as required by law.
>
> Given under our hands this 21st day of Feb 2007
>
> Signatures
>
> Notary (signature of) L. Allyson Honaker
>
> Surety (signature of) Eubanks
>
> Commission Expires
> 3-7-2011
> As required by KRS 423.010

(Appellant's App. at 95.)

On August 11, 2008, Pelfrey filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On December 1, 2008, the trustee filed an adversary proceeding seeking to avoid Pelfrey's mortgage pursuant to 11 U.S.C. § 544(a)(3). The trustee asserted that the acknowledgment on the mortgage was defective because it was not acknowledged by a duly appointed and lawful notary. He asserts that Honaker was not a duly appointed and lawful notary because she did not comply with Kentucky Revised Statute § 423.010 as a result of her failure to provide a notarized statement of the person proposing to act as surety on her bond as notary public, and because the notary public surety bond filed in the clerk's office showed on its face that she was not administered the statutory oath of office. Therefore, he asserts that pursuant to Kentucky law he may avoid the mortgage as a bona fide purchaser because it was not recordable and it failed to provide constructive notice.

On May 22, 2009, the trustee amended his adversary complaint to add Honaker as a defendant. This amended complaint, according to the trustee, sought "declaratory relief" against Honaker, praying for an "order declaring that the acknowledgment of the signatures of [Pelfrey] and

4

Defendant Donna Pelfrey by Defendant [Honaker] on the May 4, 2007 mortgage is void." (Appellant's App. at 5 and Br. at 15.)

Honaker filed an answer to the amended complaint on May 22, 2009, asserting that the complaint failed to state a cause of action for which relief may be granted against her and attaching several affidavits to support her contention that she was indeed given the oath of office. The affidavit of David Greene, Deputy Clerk for the Madison County, Kentucky, Clerk's Office, attested that he did indeed give the notary oath to Honaker. (Appellant's App. at 38.) The affidavit of William E. Gabbard, the Clerk of Madison County, Kentucky, attested that "[t]he Office of the Madison County Clerk, as a general practice, does not certify notaries in our signature book. All notaries are sworn in by a Deputy Clerk and surety and bond are placed at that time." (Appellant's App. at 37.) Finally, the affidavit of Eubanks attested that he was the surety who appeared on the bond of Honaker, he personally appeared before the clerk with Honaker, he witnessed her sign the notary book, he personally signed the notary book, and that he witnessed the administering of the oath to Honaker and her agreement to abide by the oath. (Appellant's App. at 39.)

New South answered the original complaint and asserted that the mortgage was validly recorded because Honaker was a duly appointed and lawful notary, and, if she was not, she was a *de facto* notary pursuant to Kentucky law. New South also answered the trustee's amended complaint and asserted that the trustee could not attack the validity and enforceability of the notary certificate because he did not meet the requirements of Kentucky Revised Statute § 61.060.

All three parties filed motions for summary judgment. The bankruptcy court held a hearing on March 12, 2009, at which it issued a bench opinion concluding that Honaker was a *de facto* notary and that the summary judgment motions filed by New South and Honaker should be granted based upon the holding in *Kendrick v. Deutsche Bank Nat'l Trust Co. (In re St. Clair)*, 380 B.R. 478 (B.A.P. 6th Cir. 2008). On March 18, 2009, the court entered an order conforming with its rulings. This timely appeal followed.

5

## IV. DISCUSSION

Kentucky Revised Statute § 423.010, which provides for the appointment, term and qualifications of notaries, states in pertinent part:

> Any resident of the Commonwealth of Kentucky desiring to be appointed a notary public shall make written application to the Secretary of State. The application shall be approved by the . . . county clerk . . . of the county of residence of the applicant or in the county in which the applicant's principal place of employment is located. . . . A notary public shall be eighteen (18) years of age, a resident of the county from which he or she makes his or her application or be principally employed in the county from which he or she makes his or her application, of good moral character, and capable of discharging the duties imposed upon him or her by this chapter, and the endorsement of the officer approving the application shall so state. The Secretary of State, in his or her certificate of appointment to the applicant, shall designate the limits within which the notary is to act. **Before a notary acts, he or she shall take an oath before any person authorized to administer an oath as set forth in KSR 62.020 that he or she will honestly and diligently discharge the duties of his or her office. He or she shall in the same court give an obligation with good security, which shall be proven by a notarized statement from, and not the personal appearance of, the person providing the security, for the proper discharge of the duties of his or her office.**

Ky. Rev. Stat. Ann. § 423.010 (2006) (emphasis added.)

The trustee asserts that Honaker was not a duly qualified notary and could not act as a notary at the time the mortgage was executed because the Madison County, Kentucky Clerk did not sign the notary bond to indicate that the necessary oath was administered, and because the surety did not provide a notarized statement before the county clerk providing security.

It is undisputed that the Madison County, Kentucky Clerk did not sign the bond to indicate that the necessary oaths were administered to Honaker. However, the affidavits of David Greene, Deputy Clerk, and Eubanks, which were attached to Honaker's answer to the complaint and submitted with her motion for summary judgment, establish that the oath was in fact administered

6

and Honaker agreed to abide by the oath. (Appellant's App. at 80 and 82.) The trustee did not submit any evidence to contradict these affidavits.

### A.

Kentucky recognizes that acts of a *de facto* officer are as valid when they concern the rights of third persons, until his title is judged insufficient, as though he were an officer *de jure*. *Petrey v. City of Hazard*, 346 S.W.2d 534, 535 (Ky. 1961). A *de facto* officer is "'one who is in the actual possession and administration of the office, under some colorable or apparent authority, although his title to the same . . . is in reality invalid, or at least formally questioned.'" *Trimble County Fiscal Court v. Trimble County Bd. of Health*, 587 S.W.2d 276, 281 (Ky. Ct. App. 1979) (quoting Black's Law Dictionary, 1235 (4th ed. 1951)). "The purpose of the creation of a de facto officer is to prevent invalidation of all official acts which occur while the officer is holding an office." *Id*.

The Kentucky Supreme Court has applied the principle of a *de facto* officer in similar circumstances to those presented here. In *Sousley v. Citizens' Bank of Nepton*, 181 S.W. 960 (Ky. 1916), the court held that one who held himself out as a notary after his commission had expired was a *de facto* officer and an acknowledgment taken before him was valid.

In another case, the Kentucky Supreme Court found that an acknowledgment on a deed was valid where taken by a deputy county clerk whose term had expired and had no authority to act. The court explained:

> Indeed, any other view of the law would place upon the public the burden in every instance of ascertaining the authority of those persons empowered to take acknowledgments, and would probably invalidate thousands of titles which the parties had every reason to believe were valid in every respect. Here the contracting parties did not know of the officer's disability, and there was nothing in the surrounding circumstances to apprise them of that fact. We therefore conclude that the acknowledgment was valid.

*Holland v. Stubblefield*, 206 S.W. 459, 461 (Ky. 1918).

While the notary at issue here had not before held the office of notary public as those at issue in *Sousley* and *Holland* had, the Kentucky Supreme Court's reasoning in *Holland* applies nevertheless. Pelfrey, his wife, and the mortgage company did not know of the potential issues with Honaker's notary appointment and there was nothing in the surrounding circumstances to apprise them of the issue. Therefore, pursuant to Kentucky law, Honaker was a *de facto* officer and the acknowledgment of the signatures on the mortgage was valid. *See In re St. Clair*, 380 B.R. at 492 Kentucky law governs whether New South's mortgage interest is superior to the trustee's interest in the debtor's property.

**B.**

"Kentucky Revised Statute § 61.060 was enacted to stabilize the public records and make title to real estate in Kentucky more secure." *St. Clair*, 380 B.R. at 485.

> No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer.

Ky. Rev. Stat. Ann. § 61.060.

Clearly, to require that contracting parties look behind a notary's stated qualification and review the records of his or her application for the office to ensure that a mortgage is valid would destabilize the Kentucky public records and shake the security of title to real estate in just the way which § 61.060 was enacted to prevent.

Pursuant to Kentucky Revised Statute § 61.060, a notary's acknowledgment that appears valid on its face may only be attacked by: (1) a direct action against the notary, (2) an allegation of fraud by the party benefitted, or (3) a mistake by the notary. *In re St. Clair*, 380 B.R. at 484. The trustee attempts to distinguish this case from *St. Clair* by asserting that, unlike the trustee in *St. Clair*, he has taken direct action against the notary by seeking declaratory relief against her. The

trustee's complaint indeed prays for an "order declaring that the acknowledgment of the signatures of [Pelfrey] and Defendant Donna Pelfrey by Defendant [Honaker] on the May 4, 2007 mortgage is void." (Appellant's App. at 5.) However, just as the naming of the notary as a defendant in *St. Clair* was insufficient, so is the trustee's naming of Honaker and his prayer quoted above. "A direct action against the notary must seek recovery from the notary and not simply miscellaneous relief." *Id.* (citing *Fletcher v. Wilson*, 500 S.W. 2d 601, 605 (Ky. 1973)). As in *St. Clair*, the "direct action" exception is not applicable because the trustee's complaint does not seek recovery from the notary "by reason of her dereliction, such as a suit on her bond." *Id.* Additionally, because the trustee does not allege fraud or mistake, Ky. Rev. Stat. Ann. § 61.060 prevents the trustee from avoiding the mortgage.

The trustee also argues that Ky. Rev. Stat. Ann. § 61.060 does not apply because a notary public is not an "officer" as contemplated by § 61.060. That argument likewise fails. The trustee cites *Burden v. CIT Group/Consumer Finance, Inc. (In re Wilson)*, 2009 WL 723197 (6th Cir. 2009) (unpub.), arguing that *Wilson* "casts doubt on whether a notary public is an 'officer' under KRS 61.060." However, in *Wilson*, the Sixth Circuit held that § 61.060 was inapplicable because the notary acknowledgment was facially *invalid* whereas § 61.060 applies where the acknowledgment is facially *valid*. *Id.* *Wilson* does not question or hold that a notary is not an "officer" for purposes of § 61.060. Moreover, the highest court of Kentucky has held that § 61.060 is applicable to a notary's certificate. *Fletcher v. Wilson*, 500 S.W. 2d 601, 605 (Ky. 1973). Because we are faced here with a facially valid acknowledgment, § 61.060 does indeed apply. And, because the trustee has not properly attacked the notary's acknowledgment pursuant to § 61.060, he is prevented from avoiding the mortgage. Therefore, the bankruptcy court did not err in granting summary judgment in favor of New South and Honaker.

## C.

For the first time on appeal, New South asserts that regardless of whether the acknowledgment was defective, pursuant to the 2006 amendments to Ky. Rev. Stat. Ann. § 382.270,

9

the recorded mortgage provides constructive notice to subsequent bona fide purchasers. Ordinarily, an argument which could have been raised below, but was not, will not be considered on appeal. *Poss v. Morris (In re Morris)*, 260 F.3d 654, 663 (6th Cir. 2001). However, an appellate court may deviate from this general rule if doing so would serve an overarching purpose other than simply reaching the correct result in this case. *Id.* at 664. The Kentucky Bankers Association has filed an *amicus curiae* brief as to this issue, asserting that "trustees are challenging an increasing number of mortgages in bankruptcy court on the basis of immaterial technical and clerical errors." (*Amicus* Br. at 3.)

The Panel concludes that deciding the question of whether the 2006 amendments to Kentucky law preclude trustees in Kentucky from avoiding mortgages that are facially valid but contain technical errors in the acknowledgment may resolve a number of cases. Also this issue is purely a legal issue and requires no factual development. Therefore, the Panel will address it now.

Kentucky Revised Statute § 382.270, as amended in 2006, provides:

**382.270 Instruments not valid against purchasers or creditors unless acknowledged or proved; exception for instruments lodged for record prior to July 12, 2006**

No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be *lodged for record and, thus,* valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law. *However, if a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been, prior to the effective date of this Act, otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.* As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

10

Ky. Rev. Stat. Ann. § 382.270 (emphasis added) (Italics indicate additions as a result of 2006 amendment.).

In 2004, before the amendment to § 382.270, the Sixth Circuit Court of Appeals entered the unpublished decision of *Rogan v. America's Wholesale Lender (In re Vance)*, 99 F. App'x 25 (6th Cir. 2004). In *Vance,* the trustee sought to avoid the debtor's mortgage pursuant to 11 U.S.C. § 544(a)(3). Specifically, the trustee alleged that the mortgage was invalid against a bona fide purchaser lacking notice of the mortgage, and therefore against the trustee, because the notary's acknowledgment on the mortgage lacked the name of the county where it was taken, the identity and/or names of those who signed the mortgage and the date of the acknowledgment. The bankruptcy court, district court, and ultimately the Sixth Circuit found that the defective acknowledgment failed to comply with Kentucky law. Citing Ky. Rev. Stat. Ann. § 382.270 and a line of Kentucky cases which held that a defectively acknowledged security instrument that is recorded does not provide protection from a subsequent party who lacks notice, the Sixth Circuit held that under Kentucky law, a defective acknowledgment of a mortgage that is recorded cannot provide constructive notice of a mortgage, and therefore, cannot provide protection from a bankruptcy trustee's status as a hypothetical bona fide purchaser. *In re Vance*, 99 F. App'x at *27-28.

Following the *Vance* decision, panel trustees in Kentucky filed a number of adversary proceedings seeking to avoid mortgages with defects in the notary's acknowledgment. *See e.g., Kendrick v. CIT Small Bus. Lending Corp. (In re Gruseck & Son)*, 385 B.R. 799 (B.A.P. 6th Cir. 2008); *Countrywide Home Loans, Inc. v. Gardner (In re Henson)*, 391 B.R. 210 (B.A.P. 6th Cir. 2008); *MG Invs., Inc. v. Johnson (In re Cocanougher)*, 378 B.R. 518 (B.A.P. 6th Cir. 2007); *Select Portfolio Servs., Inc. v. Burden (In re Trujillo)*, 378 B.R. 526 (B.A.P. 6th Cir. 2007); *Burden v. CIT Group/Consumer Fin., Inc. (In re Wilson)*, 378 B.R. 416 (B.A.P. 6th Cir. 2007). These subsequent decisions, citing the *Vance* decision, held that various defects in the acknowledgments on mortgages precluded the recorded mortgages from providing constructive notice.

In each of these cases, the debtor's bankruptcy petition was filed prior to the amendment to Ky. Rev. Stat. Ann. § 382.270, which became effective on July 12, 2006. In several cases, the creditors argued that the amendments to the statute should be applied retroactively to find that the mortgage provided constructive notice. Because the trustees' rights vested at the time the petition was filed and the bankruptcy estate was established, and this was prior to the effective date of the statute, the Panel held that the amendments could not be applied retroactively. *In re Trujillo*, 378 B.R. at 538-39; *In re Gruseck & Son*, 385 B.R. at *6; *In re Henson*, 391 B.R. at *7.

However, as New South correctly notes, the bankruptcy petition in this case was filed well after the effective date of the amendments to the statute at issue. In the present case, the trustee's rights vested on August 11, 2008 when Pelfrey filed his petition and therefore the application of Ky. Rev. Stat. Ann. § 382.270, as amended, is appropriate.

The trustee asserts that "the amendment did not dispense with the requirement that a mortgage executed after July 12, 2006, must contain a valid acknowledgment in order to be recorded. The July 12, 2006 amendment granted amnesty to lenders whose mortgages were challenged by bankruptcy trustees under Kentucky case law as bona fide purchasers pursuant to *In re Vance*, 99 Fed. Appx. 25, 27 (6th Cir. 2004)." (Appellant's Reply Br. at 1.) Relying on the title of the statute, which includes the language "exemption for instruments lodged for record prior to July 12, 2006," language not included in the body of the statute, the trustee now argues that the "negligence" of creditors who did not comply with acknowledgment requirements on mortgages filed prior to July 12, 2006 was excused by the statute. The trustee further argues that the statute warns that for those mortgages filed after July 12, 2006, such "negligence" will not be excused. Thus, the argument goes, the *Vance* decision will permit avoidance of any mortgage with a defective acknowledgment. In other words, the trustee asserts that the legislature was granting creditors a temporary amnesty only.

The trustee's argument fails. Ky. Rev. Stat. Ann. § 446.140 provides, in pertinent part, that "[t]itle heads, chapter heads, section and subsection heads or titles . . . in the Kentucky Revised Statutes, do not constitute any part of the law . . . ." Moreover, "[u]nless impossible, this Panel must

12

construe [a] statute in 'such fashion that every word has some operative effect.'" *Lebovitz v. Hagemeyer (In re Lebovitz)*, 360 B.R. 612, 622 (B.A.P. 6th Cir. 2007) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 36, 112 S. Ct. 1011, 1015 (1992)). The trustee's interpretation, however, urges the Panel to in effect ignore the word "is" in the amended statute. The sentence at issue reads, "[h]owever, if . . . a mortgage . . . is not so acknowledged, but . . . *is* or has been, prior to the effective date of this Act, lodged for record . . . ." Ky. Rev. Stat. Ann. § 382.270 (emphasis added.) The trustee's interpretation of this as granting only temporary amnesty ignores the word "is."

Moreover, the Kentucky Supreme Court has explained that "'[t]here is a strong presumption that statutes operate prospectively and that retroactive application of statutes will be approved only if it is absolutely certain the legislature intended such a result.'" *Faust v. Commonwealth of Ky.*, 142 S.W. 3d 89, 96 (Ky. 2004) (quoting *Commonwealth Dept. of Agriculture v. Vinson*, 30 S.W. 3d 162, 168 (2000)). Under the trustee's interpretation granting only limited amnesty to those with mortgages recorded before the effective date of the Act, the word "is" must be ignored and the general principle that statutes operate only prospectively would be violated. The trustee's interpretation would permit only limited retroactive application of the amendment. However, to properly follow the presumption of prospective operation, the statute must be interpreted to grant the limited retroactive application the trustee supports *and* prospective application to all mortgages lodged for record.

Accordingly, the trustee's rights vested on August 11, 2008 when Pelfrey filed his petition, and the application of Ky. Rev. Stat. Ann. § 382.270, as amended, is, therefore, appropriate. Pursuant to Ky. Rev. Stat. Ann. § 382.270, as amended, the mortgage lodged for record provided constructive notice to the trustee as a hypothetical bona fide purchaser despite any technical defects in the acknowledgment. As a result, the trustee cannot avoid the mortgage based on the alleged defects in the acknowledgment and summary judgment in favor of New South and Honaker is affirmed on this basis.

## V. CONCLUSION

For the foregoing reasons, we **AFFIRM** the bankruptcy court's order granting summary judgment to New South and dismissing the complaint.